DECISION
On August 14, 1998, Selina R. Miller filed a lawsuit against James Lipscomb, Louise Long and Henrietta Wilson. Ms. Miller claimed that she had been slandered and otherwise defamed. Ms. Miller also claimed that her privacy had been invaded.
The parties pursued discovery and eventually James Lipscomb, Louis Long and Henrietta Wilson each moved for summary judgment. Selina R. Miller filed memoranda contra the motions for summary judgment, supporting her memoranda with answers to interrogatories and the deposition testimony of James Culver.
The trial court granted the motions for summary judgment. Ms. Miller has now pursued a direct appeal, apparently assigning four errors for our consideration:
 1. The trial court erred in substaining [sic] defendant-appellee, Henrietta Wilson motion for summary judgement [sic] in light of the lower court denying the plaintiff-appellant['s] rights pursuant to civil rules of discovery and Civil Rule 47 to pursue deposition which is prejudicial.
 2. The court erred in granting defendant-appellee, Henrietta Wilson['s] motion for summary judgement [sic] in light of plaintiff-appellant Selina R. Miller pointing out that genuine issues as to material fact does exist whenever pleadings, affidavits, interrogatories are in conflict.
 3. The trial court erred in substaining [sic] defendant-appellee Louise Long motion for summary judgement [sic] in light of the movant[s] failure to submit the defendants Louise Long interrogatories that was taken under oath by the defendant-appellee Louise Long denying making any allegations of telephone harassment or otherwise against the plaintiff-appellant Selina R. Miller or family members.
 4. The court erred in granting defendant-appellee, Louis Long motion for summary judgement [sic] in light of plaintiff-appellant Selina R. Miller pointing out that genuine issues as to material fact does exist whenever pleadings, affidavits, depositions, interrogatories are in conflict.
Due to her somewhat unique brief-writing style, we cannot be sure if Ms. Miller is presenting all four assignments of error or if she changed her mind about the assignments of error between the time she drafted her tables of contents and the time she drafted the later portions of her brief. As it stands, her brief contains two separate tables of contents — one for issues involving Ms. Long and one for issues involving Ms. Wilson. The brief also contains separate pages setting forth an assignment of error for each of those two defendants, but the separate pages do not match the assignments of error set forth in the tables of contents. In an attempt to give Ms. Miller a complete and fair hearing, we have listed all four paragraphs she has called an "assignment of error" and we have assigned a number to each.
Addressing first the two assignments of error with regard to Henrietta Wilson, the record before us does not provide evidentiary material which demonstrates a genuine issue of material fact. The record before us indicates extended discovery, none of which could support a reasonable finding that Henrietta Wilson defamed Selina R. Miller or invaded her privacy. The trial court was correct to grant summary judgment for Henrietta Wilson.
The first and second assignments of error are overruled.
Turning to the two assignments of error with regard to Louise Long, again the record does not contain evidentiary material which would allow a reasonable juror to return a verdict in favor of Ms. Miller. The record does reflect extended discovery, some of which bears no apparent relationship to the issues in the lawsuit. Again, the trial court was correct to grant summary judgment on behalf of Louise Long.
The third and fourth assignments of error are overruled.
All four assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
 ___________________________ TYACK, J.
BOWMAN, P.J., and KLINE, J., concur.
Kline, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.